JEFF NAPOLI, OSB No. 990868
E-mail: jnapoli@gnslawgroup.com
Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, Oregon 97223
Telephone: 503.747.7198
Fax: 503.747.2951

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JASON W. BELL, | CIVIL NO. |
| Plaintiff, | **COMPLAINT** |
| v. | ORS 659A.112; ORS 659A.109; ORS 659A.183; Wrongful Discharge; 42 USC §12111, *et. seq.* |
| COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC, | |
| Defendant. | **Demand for Jury Trial** |

Plaintiff, Jason W. Bell, through his counsel, makes the following complaint against Defendant:

**PARTIES, JURISDICTION & VENUE**

1.

Plaintiff Jason W. Bell ("Plaintiff") is an individual who resides in Oregon.

////

////

////

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 • Fax: 503.747.2951
Email: mail@gnslawgroup.com

Page 1 - COMPLAINT

2.

Defendant Cognizant Technology Solutions Services, LLC, ("Defendant") is a foreign limited liability company that conducts regular and sustained business activity in Oregon.

3.

This Court has federal question jurisdiction pursuant to 28 USC § 1331, as an issue in this case arises under federal law.

4.

This Court is the appropriate venue pursuant to 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon.

**FACTUAL ALLEGATIONS**

5.

Plaintiff timely filed an Equal Employment Opportunity Commission ("EEOC") charge raising the issues alleged herein. The EEO has issued a right to sue in this court. Plaintiff has timely filed this matter within the time limits set forth in the notice of the right to sue. Plaintiff has therefore exhausted his administrative procedures.

6.

Plaintiff was employed by Defendant as a Senior Consultant from January 22, 2018 until his termination on or about February 8, 2019.

////

////

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 ● Fax: 503.747.2951
Email: mail@gnslawgroup.com

Page 2 - COMPLAINT

7.

Plaintiff was an employee in good standing who received positive feedback on his performance up and until his termination.

8.

In April of 2018, Plaintiff made Defendant aware of his need for reasonable accommodation for post-traumatic disorder under a VA disability.

9.

Plaintiff repeatedly made requests for a reasonable accommodation to management, but Defendant failed to reasonably accommodate Plaintiff's disability.

10.

Defendant did not make a good faith effort to assist Plaintiff in his request for reasonable accommodation. Defendant failed to engage in the interactive process in good faith.

11.

After Plaintiff made his disability known to Defendant, he was subjected to retaliation including, offering work assignments for which Defendant knew Plaintiff was not qualified for, offering work assignments that Plaintiff was not required to consider prior to his request for accommodation, disclosing his leave of absence as "personal time" to colleagues via email and ultimately termination.

////

////

////

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 ● Fax: 503.747.2951
Email: mail@gnslawgroup.com

Page 3 - COMPLAINT

12.

Plaintiff has suffered a great amount of emotional distress as a result of Defendant failing to accommodate his disability, resulting in Plaintiff having to engage in intensive outpatient therapy.

## CLAIMS FOR RELIEF

### Count One

### ORS 659A.112 - Disability Discrimination

13.

Plaintiff realleges and incorporates by reference the prior paragraphs of this Complaint.

14.

ORS 659A.112(1) prohibits an employer for discharging an employee or discriminating "in compensation or in terms, conditions or privileges of employment on the basis of disability."

15.

At all material times, Plaintiff had a disability as defined by ORS 659A.104. Plaintiff could perform the essential functions of Plaintiff's job, with or without accommodation.

16.

Defendant violated ORS 659A.112 by, without limitation, subjecting Plaintiff to adverse employment action, including termination, based on Plaintiff's disability or Defendant's need to make accommodations.

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 • Fax: 503.747.2951
Email: mail@gnslawgroup.com

Page 4 - COMPLAINT

## Count Two

### ORS 659A.112 – Failure to Accommodate a Disability

17.

Plaintiff realleges and incorporates by reference the prior paragraphs of this Complaint.

18.

ORS 659A.112(2)(e) makes it unlawful for an employer to "not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability[.]"

19.

Defendant violated ORS 659A.112 by, without limitation, failing to engage in the interactive process to determine reasonable accommodations for Plaintiff's disability and failing to make such accommodations.

## Count Three

### ORS 659A.109 – Retaliation for Invoking Disability-Related Rights

20.

Plaintiff realleges and incorporates by reference the prior paragraphs of this Complaint.

21.

ORS 659A.109 prohibits discrimination against an employee who invokes the disability-related protections contained in ORS 659A.103 to ORS 659A.145, including by requesting a reasonable disability accommodation.

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 • Fax: 503.747.2951
Email: mail@gnslawgroup.com

Page 5 - COMPLAINT

22.

Defendant violated ORS 659A.109 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment and/or terminating Plaintiff's employment on the basis of Plaintiff's invocation of disability-related rights, including requesting accommodation(s).

## Count Four

### ORS 659A.183(2) – OFLA Leave Retaliation

23.

Plaintiff realleges and incorporates by reference the prior paragraphs of this Complaint.

24.

ORS 659A.183(2) makes it unlawful for an employer to "[r]etaliate or in any way discriminate against an individual" because the individual has inquired about or submitted a request for family leave, or otherwise invoked any provision of OFLA.

25.

When an employee requests leave under OFLA, the employee is not required to mention a specific statute. See 29 C.F.R. § 303(b) ("When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA."); OAR 839-009-0220(2) ("Provisions of OFLA will be construed to the extent possible in a manner that is consistent with any similar provisions of [the federal Family and Medical Leave Act.]").

////

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 • Fax: 503.747.2951
Email: mail@gnslawgroup.com

Page 6 - COMPLAINT

26.

Defendant violated ORS 659A.183(2) by, without limitation, subjecting Plaintiff to adverse employment action, including termination, based on Plaintiff's request to take medical leave.

## Count Five

### Wrongful Discharge

27.

Plaintiff realleges and incorporates by reference the prior paragraphs of this Complaint.

28.

An employer commits the tort of wrongful discharge by, among other actions, terminating an employee "for exercising a job-related right that reflects and important public policy." *Yeager v. Providence Health System*, 96 P.3d 862, 865 (Or. App. 2004) (citation omitted).

29.

At all material times, the public policy of Oregon prohibited an employer from retaliating and discriminating against Plaintiff for inquiring about or invoking the provisions of Oregon disability law, Oregon family leave and Oregon sick time.

30.

This public policy is embodied in the common law, statutes and regulations of the state of Oregon including, but not limited to, the statutes delineated in the prior counts, and the rules implementing those statutes.

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 • Fax: 503.747.2951
Email: mail@gnslawgroup.com

31.

Defendant subjected Plaintiff to a wrongful discharge by, without limitation, terminating Plaintiff's employment on the basis of his use of one or more of the work-related rights delineated above.

## Count Six

**42 U.S.C. § 12111, *et seq.* – ADA Disability/Perceived Disability Discrimination**

32.

Plaintiff realleges and incorporates by reference the prior paragraphs of this Complaint.

33.

As set forth above, at all material times, Plaintiff had a disability covered by the ADA. Despite his disability, Plaintiff could perform the essential functions of the position with or without accommodation.

34.

At all relevant times Defendant knew about Plaintiff's disability.

35.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

36.

Defendant's termination of Plaintiff was substantially motivated by his disability/perceived disability and constitutes unlawful disability discrimination in violation of the ADA.

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 • Fax: 503.747.2951
Email: mail@gnslawgroup.com

37.

Additionally, as a separate basis for liability, Defendant subjected Plaintiff to a hostile work environment directed at his disability/perceived disability.

38.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

39.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

40.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C. §12117(a).

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

////

////

////

////

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 • Fax: 503.747.2951
Email: mail@gnslawgroup.com

Page 9 - COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following judgment against and relief from Defendants:

(a) Economic damages not to exceed $250,000;

(b) Non-economic damages not to exceed $300,000;

(c) Reasonable costs and attorney fees, including as authorized by ORS 659A.885 and ORS 20.107;

(d) Punitive damages;

(e) Equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the basis as alleged in this Complaint;

(f) Prejudgment and post-judgment interest as appropriate and allowed by law;

(g) On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

(h) All such other relief as this Court may deem proper.

DATED this 1st day of May 2020.

GILROY | NAPOLI | SHORT LAW GROUP

/s/ Jeff Napoli
JEFF NAPOLI, OSB #990868
Of Attorneys for Plaintiff

Gilroy | Napoli | Short Law Group
Attorneys at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223
Telephone: 503.747.7198 • Fax: 503.747.2951
Email: mail@gnslawgroup.com

Page 10 - COMPLAINT